UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATHANIEL JEANPIERRE, III                                                CIVIL ACTION

VERSUS                                                                   NO. 10-4391

CUSTODIAN                                                                SECTION "A"(1)

### REPORT AND RECOMMENDATION

This lawsuit is one of the eight civil actions plaintiff, Nathaniel Jeanpierre, III, a state inmate, has filed within the past two months.[1] In the instant complaint, plaintiff is claiming that he contracted the flu one day after being denied a sweater on November 7, 2010. He sued his unidentified custodian; however, Orleans Parish Sheriff Marlin Gusman filed an answer identifying himself as plaintiff's custodian.[2]

A Spears hearing was held in this matter on December 21, 2010.[3] At that hearing, plaintiff testified that he asked for a sweater as they were being distributed to the inmates, but that his request

---

[1] See also Jeanpierre v. Custodian, Civil Action No. 10-4393 "N"(1) (complaining of massive allergy attacks caused by exposure to dust); Jeanpierre v. Gusman, Civil Action No. 10-4395 "R"(3) (wrongful death action); Jeanpierre v. Gusman, Civil Action No. 10-4396 "D"(5) (complaining that he is being exposed to poisonous chemicals in the shower, exposed to secondhand smoke, and denied yard call); Jeanpierre v. Custodian, Civil Action No. 10-4414 "F"(1) (complaining that his legal mail was opened); Jeanpierre v. Gusman, Civil Action No. 10-4529 "B"(4) (complaining that he drank possibly contaminated water); Jeanpierre v. Custodian, Civ. Action No. 10-4532 "I"(1) (complaining of breathing problems caused by exposure to asbestos tiles); Jeanpierre v. Custodian, Civ. Action No. 10-4533 "B"(1) (complaining that he is suffering from staph infections and bad dreams as a result of exposure to rusty metal).

[2] Rec. Doc. 5.

[3] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

was denied. He said that he was not given a reason for the denial; however, he suspects that it was retaliation for filing these lawsuits.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint and Spears hearing testimony,[1] the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

As a preliminary matter, the Court notes that plaintiff named as the sole defendant the "custodian (warden, superintendent, jailor, or authorized person having custody of applicant)." That is improper, because a §1983 action must be filed against an actual identified person. Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Dec. 9, 2009); August v. Gusman, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); Vollmer v. Bowles, Civ. Action No. 3:96-CV-0081, 1997 WL 102476, at *2 (N.D. Tex. Feb. 28, 1997). However, because Sheriff Gusman has filed an answer and identified himself as plaintiff's custodian, the Court will accept that concession as true for the purposes of this decision. Nevertheless, plaintiff has not stated a proper claim against Sheriff Gusman in either his official capacity or his individual capacity for the following reasons.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against the custodian would in reality be a claim against the local governmental body itself. Glasper v. Guzman, Civ. Action No. 06-2040, 2009 WL 1507568, at *6 (E.D. La. May 27, 2009); Stewart v. Criminal District Court of Louisiana, Civ. Action No. 08-3731, 2008 WL 4758610, at *3 (E.D. La. Oct. 30, 2008). However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas,

4

981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009).  Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights.  See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3.  In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom, and, therefore, no official-capacity claim has been properly stated.

Plaintiff has likewise failed to state a proper individual-capacity claim against Sheriff Gusman.  "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation.  This standard requires more than conclusional assertions:  The plaintiff must allege specific facts giving rise to the constitutional claims."  Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).  Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  Here, plaintiff makes no allegations whatsoever against Sheriff Gusman, and, most importantly, he does not allege that Sheriff Gusman was personally aware of or in involved in the denial of the sweater.  Moreover, it is clear that Sheriff Gusman cannot be held liable under any theory of strict liability[2] or vicarious liability[3] for federal civil rights violations allegedly committed by a subordinate.

---

[2] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[3] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

The Court notes that the officer who allegedly denied plaintiff the sweater is identified in the complaint as "Deputy Brown." However, even if Deputy Brown had been named as a defendant, which she has not, plaintiff's claim would fare no better for the following reasons.

Plaintiff opines that the denial of the sweater was a form of retaliation for his having filed these federal lawsuits. However, plaintiff has not stated a nonfrivolous retaliation claim. The United States Fifth Circuit Court of Appeals has noted that retaliation claims must be "regarded with skepticism." See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (quotation marks omitted). Further, the Fifth Circuit has held:

> To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. Causation requires a showing that but for the retaliatory motive the complained of incident would not have occurred.

McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998) (internal quotation marks and ellipsis omitted).

Regarding the first prong of that inquiry, it is evident that plaintiff's retaliation claim implicates a specific constitutional right. As noted, plaintiff alleges that the retaliation was based on the fact that he filed these civil actions in federal court. "The law of this circuit is clearly established ... that a prison official may not retaliate against or harass an inmate for exercising the right of access to the courts ...." Woods, 60 F.3d at 1164.

That said, it is also evident that plaintiff cannot establish that Brown's actions in the instant case were motivated by a desire to retaliate. To support a retaliation claim, a prisoner must be able to either produce direct evidence of retaliatory motivation or show a chronology of events from which retaliation may plausibly be inferred. Id. at 1166. In the instant case, plaintiff has no direct

evidence of the Brown's motivations. Further, plaintiff is unable to show that an inherently suspect chronology of events exists to support his retaliation claim. Although he claims that the action was in retaliation for having filed these lawsuits, Deputy Brown was not named as a defendant in any of the lawsuits and there is no evidence she had any knowledge of their filing. Moreover, she denied plaintiff the sweater on November 7, 2010, before the lawsuits were even accepted by the Court for filing and docketed.

Without any evidence of a retaliatory motive, plaintiff's claim for the denial of a sweater clearly fails. The denial of a sweater on one occasion on a New Orleans autumn evening simply does not rise to the level of a constitutional violation, especially when, as here, there is no indication that the deprivation posed an unnecessary risk to his health. See, e.g., Barrett v. Casal, Civil Action No. V-05-0103, 2007 WL 2746954, at *4 (S.D. Tex. Sept. 18, 2007) ("[A prisoner's] complaint regarding an occasional denial of warm clothing that was available to other inmates is not actionable either. Although he is entitled to adequate clothing to protect himself from the elements, [the prisoner] cannot establish a constitutional violation were he was only deprived of an extra layer of clothing for a short duration. Moreover, [the prisoner] has not presented any facts which demonstrate any official deliberately denied him a needed article of clothing knowing that such a denial would expose his health to an unnecessary risk." (citations omitted)).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

    New Orleans, Louisiana, this eleventh day of January, 2011.

                                **SALLY SHUSHAN**
                                **UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.